**WENG QING CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 06–5388–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Khagendra Gharti–Chhetry, Esq., New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney, District of New Jersey; Stuart A. Minkowitz, Assistant United States Attorney, Newark, NJ, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Weng Qing Chen, a native and citizen of the People's Republic of China, seeks review of an October 25, 2006 order of the BIA affirming the November 30, 2004 decision of Immigration Judge ("IJ") Noel Ann Ferris denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weng Qing Chen,* No. A 77 341 293 (B.I.A. Oct. 25, 2006), *aff'g* No. A 77 341 293 (Immig. Ct. N.Y. City Nov. 30, 2004). We assume familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In the instant petition, Chen only disputes the IJ's findings with respect to his withholding of removal and CAT claims. As he has failed to present any argument addressing the IJ's denial of his untimely asylum claim under 8 U.S.C. § 1158(a)(2)(B), we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Proceeding to consider his withholding of removal and CAT claims, we find that substantial evidence in the record supports the IJ's adverse credibility determination in this case. The IJ relied in part on Chen's demeanor as a basis for her determination, finding that Chen deliberately gave "excessively vague" or "extremely confused" answers in response to questions regarding the places he and his girlfriend lived and the manner in which officials discovered his girlfriend's pregnancy, and on several occasions gave the impression that he was fabricating his testimony. Because the IJ was in the best position to evaluate Chen's demeanor, we afford particular deference to this demeanor finding. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

As the IJ did not find Chen's testimony credible, it was not improper for her to note the absence of certain evidence that may have corroborated essential elements of Chen's claim as further support for her adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Moreover, contrary to Chen's argument that the IJ failed to identify the missing corroborative evidence, the IJ specifically informed Chen at seven different hearings held between April 2002 and October 2004 of the type of evidence missing from the record. Despite having more than two years to provide such evidence, Chen failed to provide corroboration of his traditional marriage, his son's birth, or his continued financial support of his girlfriend and son. Accordingly, the IJ did not err in concluding that such lack of corroboration further under-

mined Chen's credibility. Because the IJ's adverse credibility finding was supported by substantial evidence, her denial of withholding of removal was proper and we need not reach her alternative burden of proof finding.

Finally, in support of his CAT claim, Chen simply refers to country reports and fails to point to any specific evidence that demonstrates that it is more likely than not that he faces torture in China. As we have held in the past, the information provided in country reports alone is insufficient to compel a finding that an alien would more likely than not be tortured if imprisoned on return to China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–61 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).